IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| JOHNNIE THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2122-CC09889 |
| | ) |
| PICK-N-PULL, | ) |
| | ) |
| Defendant. | ) |

**PICK-N-PULL AUTO DISMANTLERS, ST. LOUIS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW, Pick-N-Pull Auto Dismantlers, St. Louis, LLC, incorrectly identified as "Pick-N-Pull" in the pleadings, by and through undersigned counsel, and in support of its Motion to Dismiss Plaintiff's Petition, states as follows:

**INTRODUCTION**

Plaintiff filed his Petition against "Pick-N-Pull" following an alleged incident at a Pick-N-Pull location in St. Louis, Missouri.  Plaintiff now seeks damages under a theory of negligence, alleging Plaintiff was injured as a result of "Pick-N-Pull's" negligence (Plaintiff's' Petition).

However, as discussed herein, Plaintiff's Petition should be dismissed for its failure to state a claim for which relief can be granted.  In order to successfully begin any litigation, Plaintiff must institute an action against an actual entity.  Plaintiff has failed to sufficiently identify a proper entity for suit. Instead, Plaintiff has named a Missouri Corporation that does not exist.  As such, the Petition must be dismissed.

**STANDARD**

A motion to dismiss for failure to a claim is a test of the adequacy of the plaintiff's Petition.  Nazeri v. Missouri Valley Coll., 860 S.W.2d 303, 306 (Mo. 1993).  A motion to

1

dismiss for failure to state a cause of action assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom.  No attempt is made to weight any facts alleged as to whether they are credible or persuasive.  State ex rel. Henley v. Bickel, 285 S.W.3d 327, 329 (Mo. 2009).  Where the pleadings fail to state a cause of action under the law or fail to state facts entitling the party to relief, the trial court may dismiss the lawsuit.  ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. 1993).  The plaintiff's Petition "must contain allegations of fact in support of each essential element of the cause pleaded.  A Petition which contains only conclusions and not ultimate facts or any allegations from which to infer those facts, is properly dismissed." Tri-County Human Dev. Corp. v. Tri-County Grp. XV, 901 S.W.2d 308, 310 (Mo. App. 1995).  (Internal Citations Omitted).

## **ARGUMENT**

In order to institute an action against a defendant, Plaintiff must first identify the proper entity against whom an action should commence.  A defendant must be properly named and identified in an action to ensure the correct party is brought into court.  See *Gore v. Londoff*, 807 S.W.2d 139 (Mo.App.ED 1991).

Further, in order for this Court to have jurisdiction, a defendant having the capacity to be sued must be named as a party.  See *State ex rel. Missouri State High School Activities Ass'n v. Ruddy*, 643 S.W.2d 596 (Mo. banc 1983).  If the named defendant does not exist, the Court cannot exercise jurisdiction.

### A.  **Plaintiff has failed to properly identify a legal entity**

Plaintiff has attempted to initiate suit against "Pick-N-Pull", a "Missouri corporation".  No such entity exists.  The Pick-N-Pull location identified in Defendant's petition is owned by

Pick-N-Pull Auto Dismantlers, St. Louis LLC, a foreign LLC originating in Delaware.  The action as instituted herein cannot proceed.

While Missouri Courts have granted Plaintiff's significant leeway in naming defendants, holding that the "wrong name does not change the thing identified" and that "it is not the name that is sued, but the person to whom it is applied", this is not that case.  See *P&K Heating & Air Conditioning, Inc. v. Tusten Townhomes Redevelopment Corp.*, 877 S.W.2d 121 (Mo.App.ED 1994), citing *Orona v. Consolidated Cab Company*, 373 S.W.2d 486 (Mo.App.1963).  The Court categorizes this kind of mistake as a "misnomer", easily rectified.  Yet this is not a case of proper service on the right person with the wrong name.  "Pick-N-Pull" as a Missouri corporation does not exist at all.  The plaintiff cannot proceed against a defendant that does not exist:

> "This, however, is not a case of misnomer where a plaintiff sued the correct party but misdescribed the party in the petition.  Plaintiff was not simply mistaken as to some aspect of the correct party's name but was mistaken as to the identity of the party and sued the wrong entity."  *Johnson v. Delmar Gardens West, Inc.*, 335 S.W.3d 83, 87 (Mo.App.ED 2011).

Plaintiffs' failure to properly identify an entity for suit requires this Court dismiss this action.

### B. This Court does not have proper jurisdiction.

Plaintiff has failed to identify a defendant with the capacity to be sued.  Just as this Court would not have jurisdiction in an action against a minor or a decedent in their individual capacity, this Court cannot have jurisdiction over an entity that does not exist:  "In the absence of a defendant having capacity to be sued, the circuit court totally lacked jurisdiction to proceed." *Missouri State High School Activities Ass'n* at 598.  Here, even if the Court finds that "Pick-N-Pull" sufficiently identifies "Pick-N-Pull Auto Dismantlers, St. Louis, LLC", Plaintiff identifies

"Pick-N-Pull" as a Missouri corporation. Such corporation does not exist at all and as such, this Court cannot have proper jurisdiction and the matter must be dismissed.

## **CONCLUSION**

This Court is left with no alternative but to dismiss Plaintiff's Petition. As set forth above, under multiple theories, Plaintiff's action fails to state a claim upon which relief can be granted. First, Plaintiff has failed to properly identify a legal entity. Second, this Court does not have proper jurisdiction as the named defendant does not have the capacity to be sued. As such, Pick-N-Pull Auto Dismantlers, St. Louis, LLC prays this Court dismiss Plaintiff's Petition with prejudice and for any other relief as this Court deems just and proper.

CHILDRESS AHLHEIM CARY LLC

BY:/s/ *Linda M. Freeman*
David T. Ahlheim     #50853
Linda M. Freeman     #59770
1010 Market Street, Suite 500
St. Louis, Missouri 63101
314-621-9800
314-621-9802 (fax)
dahlheim@jchildresslaw.com
*Attorneys for Defendant Pick-N-Pull Auto Dismantlers, St. Louis LLC, improperly named Pick-N-Pull*

4

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on the 14th day of January, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

James L. Gehrs
Kevin D. Wilkins
Wilkins Schneller Law, L.L.C.
1926 Chouteau Ave
St. Louis, MO 63103
wilkins@midwesttriallawyers.com
gehrs@midwesttriallawyers.com
*Attorneys for Plaintiff*

                   /s/     *Linda M. Freeman*

Electronically Filed - City of St. Louis - January 14, 2022 - 02:13 PM