UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNIE THOMAS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 4:22-CV-00194 AGF |
| PICK-N-PULL AUTO DISMANTLERS, ST. LOUIS, LLC, | ) ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to dismiss the case (Doc. 8) and Plaintiff's motion to remand the case to the state court in which it was filed (Doc. 15). For the reasons set forth below, the Court will deny both motions.

**Motion to Dismiss**

In December 2021, Plaintiff Johnnie Thomas filed a personal injury lawsuit in the City of St. Louis against Defendant Pick-N-Pull Auto Dismantlers after he was crushed between two cars on Defendant's premises. Defendant, a citizen of Oregon and Delaware, removed the case to this Court on February 16, 2022, and concurrently filed the present motion to dismiss on the basis that Plaintiff failed to identify the proper defendant entity. Specifically, Plaintiff's original petition simply named "Pick-N-Pull" (Doc. 6), but Defendant's legal name is "Pick-N-Pull Auto Dismantlers, St. Louis, LLC."

However, among Defendant's removal filings dated February 16, 2022, Defendant also filed Plaintiff's amended state court petition, dated February 2, 2022, properly naming Pick-N-Pull Auto Dismantlers, St. Louis, LLC. Doc. 7. Thus, by the time

Defendant removed the case to this Court and filed the present motion to dismiss for failure to name the proper entity, Plaintiff had already corrected its petition in state court. As such, Defendant's motion to dismiss is unfounded and will be denied.

**Motion to Remand**

Plaintiff timely moved to remand the case, arguing that Defendant has failed to demonstrate that the amount in controversy exceeds $75,000, particularly as Plaintiff's medical treatment amounted to $55,199, of which Plaintiff paid only $12,338.  In response, Defendant notes that Plaintiff seeks damages in the form of past and future wages, pain and suffering, and loss of enjoyment, the aggregate of which is likely to exceed $75,000.  Additionally, Plaintiff's initial demand letter proposed a settlement of $400,000.  Doc. 17-2.

The party seeking removal and opposing remand has the burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  Settlement demands are not dispositive but can be considered in weighing the evidence. *Burnham v. Summers*, 4:09-CV-768-RWS, 2009 WL 2231677, at *2 (E.D. Mo. July 24, 2009).  Moreover, "[i]t is common in personal injury litigation for pain and suffering damage awards to equal two to three times a plaintiff's medical expenses." *Id*. at *3.  Given the severity of Plaintiff's injuries as alleged in the petition, the nature of damages sought, and the amount of the demand letter, the Court finds that Defendant has met its burden with respect to the amount in controversy.

In the alternative, Plaintiff requests limited jurisdictional discovery to identify the

Defendant employees involved in the accident, as any Missouri citizens would destroy diversity.  Defendant opposes Plaintiff's request for jurisdictional discovery because complete diversity existed at the time of removal.  Defendant is correct that jurisdiction is determined at the time of removal.  *Grawitch v. Charter Communications, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014).  And a party is not entitled to jurisdictional discovery for the purpose of changing the outcome.  *C.f., Pickard v. Dap, Inc.*, 4:14CV1290 CDP, 2014 WL 3734285, at *2 n.1 (E.D. Mo. July 28, 2014) ("Defendant is not entitled to conduct discovery in hopes of creating a right to removal where none exists.").  Speculation does not justify jurisdictional discovery.  *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011).  Here, there is no factual uncertainty whether diversity existed between the parties at the time of removal, so the Court will deny Plaintiff's request for jurisdictional discovery.

However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  *See e.g., Lutz v. Pickle*, 4:14-CV-1775-TCM, 2015 WL 2412194, at *2 (E.D. Mo. May 20, 2015) (remanding after Plaintiff substituted John Doe defendants with Missouri citizens and noting that, in such circumstances, jurisdiction is determined at the time of the filing of the amended complaint (citing *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006))).  Thus, should future discovery reveal the existence of proper Missouri defendants, the Court will entertain a motion for joinder and re-examine its jurisdiction at that time and in accordance with applicable legal standards.  *See Bailey v. Bayer*

3

*CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (listing factors to be considered when determining whether to permit joinder that would destroy jurisdiction); *Macaulay v. St. Louis BOA Plaza, LLC*, 4:21-CV-00476-SRC, 2022 WL 782301, at *3 (E.D. Mo. Mar. 15, 2022) (applying *Baily* factors in a negligence case).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **DENIED**. Doc. 8.

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand is **DENIED** without prejudice.  Doc. 15.

An order setting a Rule 16 scheduling conference will issue separately.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of April 2022.